**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re ) | |
| ) | Case No. 13-22304 |
| DAVID CHON MUNOZ ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| WILLIAM S. HOUSTON ) | Adversary No. 13-1633 MER |
| CHRISTINE M. HOUSTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID CHON MUNOZ ) | |
| ) | |
| ) | Signed/Docketed |
| Defendant. ) | August 25, 2015 |

**ORDER**

THIS MATTER came before the Court on the Plaintiffs' Amended Complaint seeking a nondischargeable judgment against the Defendant in connection with two loans. Plaintiffs abandoned their claim under 11 U.S.C. § 523(a)(6)[1] at trial, leaving only a single claim against Defendant for alleged false representation under § 523(a)(2)(A). Based on the evidence and legal argument presented by the parties, the Court makes the following findings of fact and conclusions of law.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), as it involves a proceeding to determine the dischargeability of a particular debt. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

## BACKGROUND

Plaintiffs William and Christine Houston (collectively, the "Houstons"), were acquainted with Defendant David Munoz ("Munoz") through a transaction involving the refinance of the Houston's home mortgage in 2006. Later, in March 2009, Munoz approached the Houstons with a proposal for an investment in a new real estate transaction to "flip" a bank-owned property. Munoz testified the transaction was arranged by Edgar James ("James"), now deceased, with whom Munoz had done similar transactions in the past. At issue in this proceeding are two separate loans relating to this single real estate transaction.

Munoz owns 100% of Munoz Consulting Group, LLC ("MCG"). The first loan was made on March 24, 2009, after MCG executed a $25,000 promissory note payable to Mr. Houston as lender and MCG as borrower, together with an Assignment of Real Estate Contract naming "David C. Munoz of Munoz Consulting Group" as assignor and "Bill Houston" as assignee.[2] On March 25, 2009, Mr. Houston provided MCG a $25,000 check, drawn on a Capital One bank account held by the "Houston Family Trust, William S. Houston, Trustee, Christine H. Houston, Trustee."[3]

The second loan relates to the same house-flip transaction. Munoz asked Houston for an additional $5,000 to complete the deal. On May 19, 2009, Mr. Houston provided Munoz another check in the amount of $5,000, this time made payable to "David Munoz," drawn from a Wells Fargo Bank account held by "William S. Houston and Christine H. Houston."[4]

Neither the $25,000 nor the $5,000 was ever repaid, and Munoz filed his Chapter 7 petition on July 18, 2013. On October 21, 2013, the Houstons commenced this adversary proceeding.

## DISCUSSION

MCG was not named as a defendant and the Houston Family Trust was not named as a plaintiff in this action. During closing arguments, the Court inquired as to whether the proper parties were before the Court, and ordered the parties to submit post-trial briefs on two limited issues: 1) whether Munoz could be personally liable for the first $25,000 loan made to MCG; and

---

[2] Plaintiffs' Exhibit 1, Promissory Note; Plaintiffs' Exhibit 2, Assignment of Real Estate Contract.

[3] Plaintiffs' Exhibit 3, Copy of Check for $25,000.

[4] Plaintiffs' Exhibit 4, Copy of Check for $5,000.

2) whether the Houston Family Trust could be joined at the "eleventh hour" as a party plaintiff in this proceeding.

### A.    The United States Supreme Court's *Cohen v. De La Cruz*[5] Decision

Munoz contends the Houstons did not present any evidence at trial that he individually was liable for the $25,000 promissory note because MCG was the obligor on that instrument, not Munoz. The Houstons argue Munoz is liable for the $25,000 paid to MCG under the liability theory first discussed in the U.S. Supreme Court's *Cohen* decision.

In *Cohen*, the United States Supreme Court determined:

> [T]he text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt . . . for money, property, services, or . . . credit, to the extent obtained by" fraud **encompasses any liability arising from money, property, etc., that is fraudulently obtained**, including treble damages, attorney' fees, and other relief that may exceed the value obtained by the debtor.[6]

Thus, the United States Supreme Court found "the phrase 'to the extent obtained by' in § 523(a)(2)(A) . . . does not impose any limitation on the extent to which "any debt" arising from fraud is excepted from discharge."[7]

Relying on *Cohen*, the late Chief Judge Donald E. Cordova of the Bankruptcy Court for the District of Colorado explained the abrogation of the "receipt of benefits" approach to liability under § 523(a)(2)(A):

> After reviewing the statute, the case law supporting applying the "receipt of benefits" interpretation, and *Cohen*, this Court is convinced that the "benefits" line of cases has been abrogated by the broad interpretation of the statute set forth in *Cohen*. The *Cohen* decision implies that § 523(a)(2)(A) prevents the discharge of all liabilities arising from a debtor's fraud, *regardless* of whether the plaintiff proves that the debtor benefitted in any way. Accordingly, this Court holds that **once a plaintiff establishes the elements** set forth in *Field v. Mans, supra, i.e.,* that the debtor obtained money or property

---

[5] *Cohen v. de la Cruz*, 523 U.S. 213 (1998)).

[6] *Id.* at 223 (emphasis added).

[7] *Id.* at 218.

> by fraud, **any debt arising from the fraud is excepted from discharge.**[8]

Under *Denbleyker*, any debt arising from the fraud is nondischargeable if a plaintiff establishes the required elements of § 523(a)(2)(A).

Judge A. Bruce Campbell of this Court also followed *Cohen* and *Denbleyker*, stating:

> Though the underlying notes are clearly obligations of [the company], Plaintiffs do not claim Defendant is liable on the notes. They allege that Defendant caused them damages by inducing them, through fraud, to invest money in [the company]. They seek damages for money they lost as a result of Defendant's personal fraud. It is not necessary to pierce the corporate veil in this circumstance, nor to prove that Defendant received any direct benefit as a result of his fraud. *See, Cohen v. de la Cruz*, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (§ 523(a)(2) encompasses any debt resulting from fraud); *Nat'l Development Svcs, Inc. v. Denbleyker (In re Denbleyker)*, 251 B.R. 891 (Bankr. D. Colo. 2000) (debt for money obtained for debtor's corporation as a result of debtor's fraud is nondischargeable under § 523(a)(2)).[9]

Based on this line of authority, if the Houstons (or the Trust) establish all elements of § 523(a)(2)(A) with respect to Munoz, Munoz would be liable for the $25,000 debt.

**B.    The Debt from the Both Loans is Dischargeable**

Section 523(a)(2)(A) states in relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

. . .

>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

---

[8] *National Development Services, Inc. v. Denbleyker (In re Denbleyker)*, 251 B.R. 891, 898-99 (Bankr. D. Colo. 2000) (citing *Cohen*)(emphasis added).

[9] *Newman et al. v. Donnell (In re Donnell)*, 2011 WL 2294186, *3 (Bankr. D. Colo. 2011); *see also, Immel v. Tani (In re Tani)*, 2012 WL 2071766, at *3 (Bankr. D. Colo. June 8, 2012)("[t]o the extent damages are proven, the Court agrees with [the plaintiff] that [the debtor] is liable for damages based on the loans and investments including third parties.").

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . .

Section 523(a) exceptions to discharge must be "narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor."[10] The claimant bears the burden of proving nondischargeability under § 523(a) by a preponderance of the evidence.[11]

A claimant may sustain a claim under § 523(a)(2)(A) by proving false pretenses, false representation or actual fraud, and these three independent causes of action require proof of different elements.[12] While the elements for

---

[10] *Oklahoma Dep't of Sec., ex. rel. Faught v. Wilcox*, 691 F.3d 1171, 1174 (10th Cir. 2012) (citing *In re Sandoval*, 541 F.3d 997, 1001 (10th Cir. 2008)).

[11] *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991).

[12] *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 222-223 (10th Cir. BAP 2013). The Sturgeon Panel explained the § 523(a)(2)(A) framework as follows:

> To sustain a claim for false representation under Section 523(a)(2)(A), the claimant must prove by a preponderance of the evidence that: 1) the debtor made a false representation; 2) with the intent to deceive the creditor; 3) the creditor relied on the false representation; 4) the creditor's reliance was [justifiable]; and 5) the creditor was damaged as a result. *Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996). Intent to deceive can be inferred from the totality of the circumstances. *Copper v. Lemke (In re Lemke)*, 423 B.R. 917, 922 (10th Cir. BAP 2010) (citing *Young*, 91 F.3d at 1375).
>
> False pretenses under Section 523(a)(2)(A) are implied misrepresentations intended to create and foster a false impression. . . . False pretenses can be "defined as any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor." *Stevens v. Antonious (In re Antonious)*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006) (citing *Rezin v. Barr (In re Barr)*, 194 B.R. 1009, 1019 (Bankr. N.D. Ill. 1996)).
>
> A claimant may also sustain a claim under Section 523(a)(2)(A) by proving that the debtor engaged in actual fraud. . . . Actual fraud occurs "when a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right." *Id.* at 690 (quoting *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (6th Cir. BAP 2001)).

*See also Diamond v. Vickery (In re Vickery)*, 488 B.R. 680, 691 (10th Cir. BAP March 13, 2013), *appeal docketed*, No. 13–1148 (10th Cir. April 11, 2013) (recognizing "[i]n order to give full effect to the plain meaning of the disjunctive 'or' in § 523(a)(2)(A), we conclude that 'actual fraud' is an independent basis for nondischargeability under that subsection.").

each theory under § 523(a)(2)(A) differ, the common thread is a debtor's intent to defraud a creditor.

Here, Plaintiffs did not separate the distinct elements for false pretenses, false representation and actual fraud. The Amended Complaint simply states, "[t]he Debtor obtained and retained the Plaintiffs' monies by false pretenses, false representations and actual fraud."[13] Following trial, Plaintiffs' argued for relief under the general umbrella of § 523(a)(2)(A), applying only the *Young* elements for false representation. The Amended Complaint, Plaintiffs' closing argument, and Plaintiffs' post-trial briefs contain no argument supporting the distinct elements under § 523(a)(2)(A) for actual fraud or false pretenses. Therefore, the Court finds Plaintiffs waived such claims. Even if such claims were not waived, Plaintiffs did not present sufficient evidence at trial supporting such claims. Accordingly, Plaintiffs' claim for false representation is the only potential avenue for success under § 523(a)(2)(A).

To establish a nondischargeable claim for a false representation under § 523(a)(2)(A), Plaintiffs must each establish the following elements by a preponderance of the evidence:

- the debtor made a false representation of fact;
- the fact was material;
- the debtor made the representation knowing it to be false;
- the debtor made the representation intending the creditor's reliance;
- the creditor relied upon the representation;
- the reliance was justifiable; and
- the reliance resulted in damage to the creditor.[14]

Here, the Court finds the Houstons have shown neither the requisite intent on the part of Munoz nor justifiable reliance on their own part for a false representation claim. Specifically, at the time both loans were made, the Houstons and Munoz believed the funds were needed to purchase a bank-owned property, and the property would later be sold with the Houstons to be repaid. Munoz had been involved in several similar transactions with James in the past, and the funds had been repaid each time. Munoz indicated his previous experience led him to believe the transaction would be successful. His testimony on this element was credible and no evidence was offered to rebut this explanation. Therefore, no intent to defraud the Houstons was shown.

---

[13] Amended Complaint, at ¶ 15.

[14] *Field v. Mans*, 516 U.S. 59, 70 (1995); *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996); *Martino v. First Citizens Bank & Trust Co. (In re Martino)*, 2012 WL 1945424, at *2 (Bankr. D. Colo. 2012) (slip copy).

With respect to justifiable reliance, Judge Tallman has noted:

> In order for the Plaintiff to have justifiable reliance on a representation under 11 U.S.C. § 523(a)(2)(A), the Plaintiff need only perform a cursory inspection of the representation to the extent that it should be very obvious that the representation is fraudulent. *Field v. Mans*, 516 U.S. 59, 71, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). Justifiable reliance is not reasonable reliance, so the objective reasonable person standard does not apply; it is merely what a cursory examination of the representation would uncover. *Id.* at 72, 116 S.Ct. 437.[15]

In this case, there was no evidence the Plaintiffs performed even a cursory inspection of the representations before Mr. Houston agreed to loan money for this real estate deal. He had the expectation he would be repaid quickly and with a relatively modest amount of profit on the deal. Similarly, there is a lack of evidence as to any examination whatsoever in connection with the $5,000 loan extended from the Houstons to Munoz personally.

For these reasons, the Court finds the Houstons have not met their burden of proof to demonstrate any acts or omissions of Munoz created a nondischargeable debt under § 523(a)(2)(A) for either the $25,000 or the $5,000 loan.

### C. The Houstons' Motion to Amend and Request to Add a Party Must be Denied.

#### 1. The Houstons' Motion to Amend is Moot, or, in the Alternative, Must Be Denied as Futile and Untimely under Rule 15(a).

"Motions to add or substitute parties are considered motions to amend and therefore must comply with Rule 15(a)."[16] Pursuant to FED. R. CIV. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."[17] The United States Court of Appeals for the Tenth Circuit has found denial of request to amend a complaint

---

[15] *Adams County Dept. of Social Services v. Sutherland-Minor (In re Sutherland-Minor)*, 345 B.R. 348, 354, n.4 (Bankr. D. Colo. 2006).

[16] *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).

[17] *See* FED. R. CIV. P. 15, made applicable to this proceeding by FED. R. BANKR. P. 7015. Rule 15(a)(1) provides a party may amend its pleadings once as a matter of course within 21 days after it is served or within 21 days after a response is required. Neither of those circumstances are present here.

generally results only from "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[18]

Here, the Houstons' Motion to add the Houston Family Trust as a party plaintiff is moot because the evidence does not show Munoz is liable under § 523(a)(2)(A). However, even if the Houston Family Trust were added as a party plaintiff, the result would be the same, making the addition of the trust as a plaintiff futile.

Further, despite the fact the Houstons and their counsel had over two years to analyze their Exhibit 1, which shows the $25,000 came from the Houston Family Trust and not the Houstons individually, they made no effort to raise a claim on behalf of the Trust. The Motion to Amend was filed two days after trial, after the Court observed the $25,000 loan was between the Houston Family Trust and MCG, not between the Houstons and Munoz. Moreover, in the absence of any trust documentation, the Court is unable to determine the nature of the Houston Family Trust and cannot evaluate whether the Houston Family Trust would be able to bring an action under Colorado law.[19] Accordingly, the Court concludes undue delay is another independent reason to deny the Motion to Amend.[20]

2. *The Houstons Cannot Add a Party Under Rule 17(a).*

Lastly, the Court turns to the Houstons' request under FED. R. CIV. P. 17(a)(1), contained in their post-trial brief. FED. R. CIV. P. 17(a), made applicable to this proceeding by FED. R. BANKR. P. 7017, mandates "[a]n action must be prosecuted in the name of the real party in interest." "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."[21] FED. R. CIV. P. 17(a)(3) further provides: "[t]he court may not

---

[18] See *Duncan v. City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)) (internal quotation marks omitted).

[19] See *The 198 Trust Agreement, Dated December 15, 2010 v. CAAMS, LLC*, 2015 WL 1529274, at *4 (D. Colo. March 30, 2015) (noting a suit involving a trust is determined by Colorado law, and despite the amendment of COLO. REV. STAT. § 2-4-401(8), a trust does not have the capacity to sue). However, the Court notes here the Houstons sued on their own behalf, not as Trustees on behalf of the Trust, and made no effort to join themselves as Trustees in all the time this case was pending before trial.

[20] See *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

[21] *Brumfiel v. US Bank*, ___Fed. Appx.___, 2015 WL 4496197, at *2 (10th Cir. July 24, 2015); *The 198 Trust Agreement, supra*, at *2.

dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The Tenth Circuit has held such ratification, joinder, or substitution shall be allowed when the determination of the correct party is difficult or when an understandable mistake has been made, and has also indicated Rule 17(a)(3) shall be interpreted liberally.[22]

Here, the pertinent documents were in the possession of the parties well before the commencement of this proceeding, and counsel for the Houstons' had these same documents at the latest, on the date this action was commenced. The Court finds the determination of the correct party with respect to the $25,000 loan was as easy as reading the check one time. On these facts, the Court finds ascertaining the correct parties was not difficult and no mistake was made. Therefore, the Court denies the request to substitute or add the Houston Family Trust as a plaintiff under Rule 17(a)(3).

## CONCLUSION

For the reasons stated above,

IT IS ORDERED the debt of the Defendant to the Plaintiffs is hereby found to be dischargeable under 11 U.S.C. § 523(a)(2)(A). Each party shall bear their own attorneys' fees and costs. A separate judgment will enter.

Dated August 25, 2015     BY THE COURT:

Hon. Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[22] *Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004) (discussing the Advisory Committee Notes to the 1966 Amendments to Rule 17).